706 S.E.2d 1

**In the Matter of David C. DANIELSON, Respondent.**

No. 26923.

Supreme Court of South Carolina.

Submitted Dec. 20, 2010.
Decided Feb. 7, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

David C. Danielson, of Marietta, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of any sanction up to a two year definite suspension from the practice of law. *See* Rule 7(b), RLDE, Rule 413, SCACR. He requests the suspension be made retroactive to June 22, 2009, the date of his interim suspension. *In the Matter of Danielson,* 383 S.C. 319, 679 S.E.2d 525 (2009). Further, within one (1) year of the Court's acceptance of the Agreement, respondent agrees to make full restitution to all clients, persons, or other entities harmed as a result of his misconduct and, before seeking reinstatement, to sign a monitoring agreement with Lawyers Helping Lawyers.

We accept the Agreement and impose a two (2) year suspension from the practice of law, not retroactive to the date of respondent's interim suspension. Further, within one (1) year of the date of this order, respondent shall pay full restitution to all clients, persons, and entities harmed as a result of the misconduct reported herein. Before seeking reinstatement, respondent shall enter into a monitoring agreement on terms recommended by Lawyers Helping Lawyers.

The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

Respondent agreed to represent a client in a claim against a lender. Respondent obtained a favorable settlement for his client. Counsel for the lender prepared and transmitted a settlement package containing documents to be signed by

respondent's client. Opposing counsel set a deadline for the execution and return of the settlement documents.

Respondent had difficulty contacting the client to arrange the execution of the settlement documents and became fearful that his failure to timely reach the client might result in the settlement being withdrawn. Consequently, without the prior consent or knowledge of the client, respondent signed the client's name to the settlement documents, including the release and settlement agreement, the new mortgage, and affidavit of the client. Respondent then signed as witness to the client's signature on the mortgage, falsely indicating that he had witnessed the client sign the mortgage. In addition, respondent had an employee of his law firm falsely sign as witness to the client's signature. Respondent then falsely signed as a notary public on the mortgage. Respondent had the employee falsely witness the client's affidavit and release and settlement agreement. Respondent sent the documents to opposing counsel who had the mortgage recorded in the public record.

Subsequent to the documents being sent to opposing counsel, the client contacted respondent's firm about signing the documents. Respondent readily admitted his misconduct to his partners and self-reported the matter to Disciplinary Counsel. Thereafter, the client signed new settlement documents which were forwarded to opposing counsel. The falsely executed documents were cancelled of record and the new, properly executed documents were recorded in their place.

## Matter II

Respondent notarized that he had witnessed his client's signature on an Inventory and Appraisement when, in fact, he had not witnessed the signature, but had, instead, found the signed document in his "inbox."

## Matter III

In December 2006, respondent was diagnosed with depression and anxiety disorder. He received treatment until March of 2007 when he lost his health insurance and could no longer afford his medication. Respondent's depression worsened to the point where he was unable to work on his client matters and failed to communicate with his clients.

Respondent was initially diligent in his representation of Client A, but as his depression increased, respondent acknowledges he failed to communicate with this client and failed to work on this client's case. Respondent failed to comply with a Final Decision of the South Carolina Bar Resolution of Fee Disputes Board which awarded $400 to Client A.

### Matter IV

Respondent was initially diligent in his representation of Client B, but as his depression increased, respondent acknowledges he failed to communicate with this client and failed to work on her case. Client B was unable to obtain a copy of her file because she could not reach respondent. Respondent also failed to respond to telephone calls and letters from the probate judge about this matter.

### Matter V

Respondent met with Client C about several matters. After reviewing the matters, respondent informed Client C he could not assist him with two matters but would represent him upon execution of a fee agreement and payment of $500 for a third matter. Client C paid respondent $200 but failed to execute the fee agreement. Respondent acknowledges that, as his depression increased, he failed to communicate with Client C and failed to refund the $200 payment to Client C.

### Matter VI

Respondent met with Ms. Doe to discuss representation. Ms. Doe did not retain respondent but left documents with him. Respondent acknowledges that he failed to respond to Ms. Doe's telephone calls and, as a result, she was unable to obtain the documents she left with him. Respondent represents his depression prevented him from properly handling this matter.

### Matter VII

Respondent represented Client D in a divorce matter. After the final hearing, respondent failed to promptly submit the final order to the judge and failed to prepare a QUADRO order and quit claim deed. Respondent represents his depression prevented him from properly representing this client.

## Matter VIII

Respondent failed to adequately communicate with Client E and was unavailable when the client attempted to contact him to retrieve documents in order to seek other representation. Respondent represents his depression prevented him from properly representing this client.

## Matter IX

Respondent was retained by Client F who paid a fee of $3,000. Respondent failed to adequately communicate with Client F and failed to work on the case due to his depression. Further, respondent failed to comply with a Final Decision of the South Carolina Bar Resolution of Fee Disputes Board awarding $3,000 to Client F.

## Matter X

Client G retained respondent to represent him in a matter. Respondent asserts that, due to his depression, he failed to adequately communicate with Client G and stopped working on Client G's case.

## Matter XI

In each of the matters reported above, respondent was subpoenaed to appear to give a statement to Disciplinary Counsel pursuant to Rule 19(c), RLDE. Respondent failed to appear in accordance with the subpoena. Further, in several of the matters, he did not respond to Disciplinary Counsel's Supplementary Notice of Full Investigation.

## *LAW*

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully fail to comply with a subpoena issued under Rule 413, SCACR, or knowingly fail to respond to a lawful demand from a disciplinary authority to include a request for a response or appearance under Rule 19, RLDE), Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath

of office taken to practice law in this state and contained in Rule 402(k), SCACR), and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with a final decision of the Resolution of Fee Disputes Board). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a)(3) (lawyer shall keep client reasonably informed about status of a matter); Rule 1.4(a)(4) (lawyer shall promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall promptly deliver to client or third person any funds or other property that client or third person is entitled to receive); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 8.1 (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct).; and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

## CONCLUSION

We accept the Agreement and suspend respondent from the practice of law for two (2) years, not retroactive to the date of respondent's interim suspension. Within one (1) year of the date of this order, respondent shall pay full restitution to all clients, persons, and entities harmed as a result of his misconduct reported herein. Before seeking reinstatement, respondent shall enter into a monitoring agreement on terms recommended by Lawyers Helping Lawyers. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**